IN THE UNITED STATES DISTRICT COURT FOR THE
                           WESTERN DISTRICT OF MISSOURI
                                WESTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Criminal Action No.
                                 )    08-00332-01-CR-W-NKL
OSCAR BLANCO-MARTINEZ,           )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On January 22, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

## I.   BACKGROUND

On December 3, 2008, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on January 22, 2009. Defendant was present, represented by Federal Public Defender Ray Conrad. The government was represented by Assistant United States Attorney David Barnes. The proceedings were recorded and a transcript of the hearing was filed on January 23, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal Magistrate Judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that Magistrate Judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury voir dire falls within a Magistrate Judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a Magistrate Judge's involvement in voir dire, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of de novo review by a District Judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a Magistrate Judge. <u>Id.</u> Moreover, the district court's de novo review of the plea proceedings contributes to the ministerial nature of the Magistrate Judge's role. <u>Id.</u>

3

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. On December 3, 2008, an indictment was returned charging defendant with one count of possessing a firearm while in the United States illegally, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2) (Tr. at 4). Defendant understood the charge in the indictment (Tr. at 4).

2. The statutory penalty for the charged violation is not more than ten years in prison, a fine of up to $250,000, a supervised release term of not more than three years, and a mandatory $100 special assessment (Tr. at 5). Defendant understood the statutory penalty (Tr. at 5).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove

4

Case 4:08-cr-00332-NKL   Document 24   Filed 01/23/09   Page 4 of 9

defendant's guilt beyond a reasonable doubt (Tr. at 6);

  d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 6-7);

  e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 7);

  f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7-8); and

  g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6. Government counsel stated that this was an open-file case, and defense counsel stated that he reviewed the government's file (Tr. at 9). Government counsel stated that its

evidence would show that members of the FBI, both in terms of
the bureau proper and its Task Force of the Kansas City, Missouri
Department Gang Unit, went to a residence at 3517 East Thompson
in Northeast Kansas City, Jackson County, Missouri, in the
Western District of Missouri, to do a residence check. They had
information that a Custodia M. Garcia, was a resident of that
address and had been selling large amounts of methamphetamine and
cocaine from that area. When they approached the house, officers
went to both the front and the rear. As they got into position,
individuals ran from the house, particularly from the rear.
Detective Aaron Hendershot detained those subjects. Based on the
information they had with regard to the ongoing narcotics
trafficking and the general dangerousness of the neighborhood,
the individuals were frisked for officer safety. And Mr. Blanco-
Martinez was frisked and a .9 mm Ruger pistol was taken from the
waistband of his pants with the magazine to that weapon in his
front right pocket. He was ultimately placed under arrest. There
was an interview conducted at KCPD Headquarters. Detective Luis
Ortiz, who is a native Spanish speaker, read Mr. Blanco-Martinez
his rights in Spanish. Mr. Blanco-Martinez, after being read his
rights in Spanish by a native Spanish speaker, admitted that he
was in possession of the handgun at the time of his arrest,
although he did say that the gun actually belonged Custodia M.
Garcia. Mr. Martinez also acknowledged that he was not in the

6

United States legally and he had never received citizenship. That immigrations admission was confirmed the next day by Special Agent Mark King of ICE with regard to Mr. Blanco-Martinez's immigration status, one of being an illegal alien and not having any status in the United States. The Ruger pistol itself, based on the serial number, was manufactured in the state of Arizona. The government would have evidence through the detectives and the FBI agents that effected the arrest and the search of Mr. Martinez, the Immigration Special Agent, and perhaps some certified records from Immigration, and there is evidence from the Bureau of Alcohol, Tobacco and Firearms that the weapon was, in fact, manufactured outside the state of Missouri, therefore, crossing a state line and affecting interstate commerce (Tr. at 10-12).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10).

8. Defendant was placed under oath (Tr. at 12) and admitted the following: Sometime around November 6, 2008, he was here in the metropolitan Kansas City area within the State of Missouri, he was an alien from Mexico, he had not received permission to come to the United States and was in the United States illegally, he had in his possession a Ruger .9 mm pistol, and he does not dispute that the gun had traveled from state to

7

state (Tr. at 12-14).

9. Defendant is aware that there is no written plea agreement in this case (Tr. at 14-15).

10. Defendant is satisfied with the advice and guidance he has received from Mr. Conrad (Tr. at 15-16). There is nothing Mr. Conrad has done that defendant did not want him to do, and there is nothing he wanted Mr. Conrad to do that he has not done (Tr. at 16).

11. Defendant is 29 years of age, has a fifth grade education, and can read (Tr. at 16). He has been able to confer with Mr. Conrad and understand what Mr. Conrad is saying through the interpreter (Tr. at 16). He was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 16-17).

12. Defendant tendered a plea of guilty to the crime charged in this indictment (Tr. at 17).

### *IV. ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for possessing a firearm while in the United States illegally are:

One, the defendant was present in the United States illegally;

Two, the defendant thereafter knowingly possessed a firearm; and

Three, the firearm was transported across a state line at some time during or before the defendant's possession of it.

See generally Eight Circuit Model Criminal Jury Instructions 6.18.922 and 6.18.922(G)(3).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
January 23, 2009